```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA        )
                                )   Criminal No. 05-30019-MAP
        v.                      )
                                )   VIOLATION:
                                )
JUAN PAGAN,                     )   21 U.S.C. § 841
   a/k/a "Papa,"                )   (Possession with Intent to
                                )   Distribute Cocaine and
                                )   Cocaine Base)
                                )   (Counts One and Two)
        Defendant.              )

                           INFORMATION

The United States Attorney charges:

COUNT ONE:   (Title 21, United States Code, Section 841:
             Possession with Intent to Distribute Cocaine Base)

   1.   On or about February 19, 2004, in Hampden County, in the District of Massachusetts,

                      **JUAN PAGAN (a/k/a "Papa")**

the defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance.

   2.   The offense in Paragraph 1 of Count One of this Information involved fifty grams or more of a mixture and substance containing cocaine base in the form of crack cocaine. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to this case.

   All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT TWO</u>:   (Title 21, United States Code, Section 841:
           Possession with Intent to Distribute Cocaine Base)

1.  On or about March 25, 2004, in Hampden County, in the District of Massachusetts,

**JUAN PAGAN (a/k/a "Papa")**

the defendant herein, did knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance.

2.  The offense in Paragraph 1 of Count Two of this Information involved fifty grams or more of a mixture and substance containing cocaine base in the form of crack cocaine. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to this case.

All in violation of Title 21, United States Code, Section 841(a)(1).

FORFEITURE ALLEGATIONS

1.  The allegations of Counts One and Two of this Information are hereby repeated and incorporated herein by reference for the purpose of alleging forfeiture to the United States under Title 21, United States Code, Section 853.

2.  Upon conviction of the offenses alleged in this Information,

**JUAN PAGAN (a/k/a "PAPA")**

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations including, but not limited to, the following:

> $10,010.00 in United States currency seized on July 7, 2005, from 168 Fox Hill Lane, Apartment 115, Enfield, Connecticut.

2.  If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendant,

  (a) cannot be located upon the exercise of due diligence;

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the Court;

  (d) has been substantially diminished in value; or

3

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

Filed this 8th day of May, 2006.

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By: _____
     TODD E. NEWHOUSE
     Assistant U.S. Attorney