UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,        )
             Plaintiff,          )
                                 )
             v.                  )      Criminal No. 05-30019-MAP
                                 )
JUAN PAGAN,                      )
             Defendant.          )
```

**UNITED STATES' MOTION FOR**
**A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1.   On or about May 8, 2006, a two-count Information was filed charging Defendant Juan Pagan ("Pagan" or the "Defendant") with Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1).

2.   The Information also sought the forfeiture, as a result of committing the offenses alleged in Counts One and Two of the Information, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or

to facilitate the commission of, such violations, including, but not limited to $10,010.00 in United States currency, seized on July 7, 2005, from 168 Fox Hill Lane, Apartment 115, Enfield, Connecticut (the "Currency").

3.    The Information further provided that, if the property described in the Forfeiture Allegation, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the property, pursuant to 21 U.S.C. § 853(p).

4.    On May 8, 2006, Pagan pled guilty to both counts of the Information, pursuant to a written plea agreement.  In the plea agreement, Pagan agreed to forfeit the Currency to the United States, and admitted that the Currency was subject forfeiture on the grounds that it constituted, or was derived from, proceeds of Pagan's unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Counts One and Two of the Indictment.

5.    Based on the evidence set forth in the plea agreement, the United States has established the requisite nexus between the Currency and the offenses to which Pagan has pled guilty, and therefore, the Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853.

6.    Pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.  <u>See</u> Rule 32.2(b)(2); 21 U.S.C. § 853(p); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

7.    Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Currency and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Currency in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).

WHEREFORE, the United States requests that this Court:

(a)  enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)  include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

    (c)  incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

                       Respectfully submitted,

                       MICHAEL J. SULLIVAN
                       United States Attorney,


                       /s/ Kristina E. Barclay
                       TODD E. NEWHOUSE
                       KRISTINA E. BARCLAY
                       Assistant U.S. Attorneys
                       United States Courthouse
                       Suite 9200
                       1 Courthouse Way
                       Boston, MA 02210
Date: June 23, 2006         (617) 748-3100




**CERTIFICATE OF SERVICE**

    This is to certify that the foregoing United States' Motion for a Preliminary Order of Forfeiture and the proposed Preliminary Order of Forfeiture, filed through the Electronic Case Filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                       /s/ Kristina E. Barclay
                       Kristina E. Barclay
                       Assistant U.S. Attorney
Dated: June 23, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
                    Plaintiff,     )
                                   )
            v.                     )        Criminal No. 05-30019-MAP
                                   )
JUAN PAGAN,                        )
                    Defendant.     )

## <u>PRELIMINARY ORDER OF FORFEITURE</u>

**PONSOR, D.J.,**

WHEREAS, on or about May 8, 2006, a two-count Information was filed charging Defendant Juan Pagan ("Pagan" or the "Defendant") with Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1);

WHEREAS, the Information also sought the forfeiture, as a result of committing the offenses alleged in Counts One and Two of the Information, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including, but not limited to $10,010.00 in United States currency, seized on July 7, 2005, from 168 Fox Hill Lane, Apartment 115, Enfield, Connecticut (the "Currency");

WHEREAS, the Information further provided that, if the property described in the Forfeiture Allegation, as a result of any act or omission by the Defendant, (a) cannot be located upon

the exercise of due diligence; (b) has been transferred or sold
to, or deposited with, a third party; (c) has been placed beyond
the jurisdiction of the Court; (d) has been substantially
diminished in value; or (e) has been commingled with other
property which cannot be divided without difficulty, the United
States is entitled to seek forfeiture of any other property of
the Defendant, up to the value of the property, pursuant to 21
U.S.C. § 853(p);

WHEREAS, on May 8, 2006, Pagan pled guilty to both counts of
the Information, pursuant to a written plea agreement;

WHEREAS, In the plea agreement, Pagan agreed to forfeit the
Currency to the United States, and admitted that the Currency was
subject forfeiture on the grounds that it constituted, or was
derived from, proceeds of Pagan's unlawful drug activity and/or
property used, or intended to be used, to commit the crimes
charged in Counts One and Two of the Indictment;

WHEREAS, as a result of Pagan's guilty plea, and pursuant to
21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of
Criminal Procedure, the United States now is entitled to a
Preliminary Order of Forfeiture against the Currency, or
substitute assets, in a value up to the value of the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, based upon the evidence set forth in the plea agreement, that the government has established the requisite nexus between the Currency and the offenses to which the Defendant plead guilty, and that the Currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 853.

2. If the Currency, as a result of any act or omission by Pagan, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Pagan, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

3. The United States Marshals Service shall hold the Currency in its secure custody and control.

4. Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his

3

designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
MICHAEL A. PONSOR
United States District Judge

Dated: _____

4