UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
               Plaintiff,      )
                            )
               v.      )    Criminal No. 05-30019-MAP
                            )
JUAN PAGAN,                    )
               Defendant.      )

**PRELIMINARY ORDER OF FORFEITURE**

**PONSOR, D.J.,**

WHEREAS, on or about May 8, 2006, a two-count Information was filed charging Defendant Juan Pagan ("Pagan" or the "Defendant") with Possession with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1);

WHEREAS, the Information also sought the forfeiture, as a result of committing the offenses alleged in Counts One and Two of the Information, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including, but not limited to $10,010.00 in United States currency, seized on July 7, 2005, from 168 Fox Hill Lane, Apartment 115, Enfield, Connecticut (the "Currency");

WHEREAS, the Information further provided that, if the property described in the Forfeiture Allegation, as a result of any act or omission by the Defendant, (a) cannot be located upon

the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on May 8, 2006, Pagan pled guilty to both counts of the Information, pursuant to a written plea agreement;

WHEREAS, In the plea agreement, Pagan agreed to forfeit the Currency to the United States, and admitted that the Currency was subject forfeiture on the grounds that it constituted, or was derived from, proceeds of Pagan's unlawful drug activity and/or property used, or intended to be used, to commit the crimes charged in Counts One and Two of the Indictment;

WHEREAS, as a result of Pagan's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Currency, or substitute assets, in a value up to the value of the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.   The Court finds, based upon the evidence set forth in the plea agreement, that the government has established the requisite nexus between the Currency and the offenses to which the Defendant plead guilty, and that the Currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 853.

2.   If the Currency, as a result of any act or omission by Pagan, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Pagan, up to the value of the Currency, pursuant to 21 U.S.C. § 853(p).

3.   The United States Marshals Service shall hold the Currency in its secure custody and control.

4.   Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Currency in such manner as the Attorney General or his

3

designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Currency must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Currency and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

MICHAEL A. PONSOR
United States District Judge

Dated: Sept 7, 2006

4