UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED

JUAN PAGAN,
    Petitioner,

U.S. DISTRICT COURT

v.

Case No.:3-05-CR-300019-001-MAP.
Judge:   Michael A. Posner

UNITED STATES OF AMERICA,
    Respondent.

NOTICE AND PRESERVATION OF ISSUES RELATED
TO SENTENCING PENDING RETROACTIVITY DECISION IN
AMENDMENTS TO THE SENTENCING GUIDELINES TO BE
EFFECTIVE ON THE DATE OF NOVEMBER 1, 2007

NOW COMES, the undersigned pro-se incarcerated Petitioner/Defendant, Juan Pagan, and hereby gives **NOTICE** of and **PRESERVATION** of issues related to sentencing pending retroactivity decision in Amendments to the Sentencing Guidelines to be effective on the date of November 1, 2007. In support thereof, defendant respectfully states as follows:

1. Petitioner/defendant invokes Haines v. Kerner, 92 S.Ct. 594, 404 U.S. 519 (U.S. Jan. 13, 1972), respectfully requesting this Honorable Court to hold the foregoing motion to a less stringent standard than a formal pleading drafted by a lawyer, based on petitioner/defendant's pro se status.

2. On or about February 19, 2004, in Hampden county, in the District of Massachusetts, a federal grand jury indicted petitioner/defendant with knowingly and intelligently distributing and possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance. This Count ONE involved fifty

grams or more of a mixture and substance containing cocaine base in the form of crack cocaine. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii) applies to this case.

COUNT TWO: (Title 21, United States Code, Section 841: Possession with Intent to Distribute Cocaine Base)

On or about March 25, 2004, in Hampden County, in the District of Massachusetts, Juan Pagan, herein the petitioner/defendant, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II Controlled Substance. This offense also involved fifty grams or more of a mixture and substance containing cocaine base in the form of crack cocaine, accordingly, Title 21, United States Code, section 841(b)(1)(A)(iii) applies to this case. All in violation of Title 21 United States Code, Section 841(a)(1).

3. On May 8, 2006, the Petitioner/defendant pleaded guilty to count one and two of the indictment.

4. On September 6, 2006, Petitioner was sentenced to the custody of the United States Bureau of Prisons, to be imprisoned for a total term of 120 months, 5 years of supervised release, and a $200.00 court fee.

5. Petitioner/defendant did not file a notice for a Direct Appeal.

### PRESERVATION OF ISSUES RELATED TO THE SENTENCING AMENDMENTS TO TAKE EFFECT ON NOVEMBER 1, 2007

Pursuant to section 994(p) of Title 28, United States Code, the United States Sentencing Commission hereby submits to the Congress the following amendments to the sentencing guidelines

and the reasons therefor. As authorized by such section, the Commission specifies an effective date of November 1, for these amendments.

Specifically, petitioner takes the court to page 42 of these amendments- "9. Cocaine Base Sentencing

Amendment:  Section 2D1.1(c)(1) is amended by striking "1.5KG or more of cocaine Base" and inserting "4.5KG or more of Coaine Base."

Applicable to petitioner/defendant would be Section 2D1.(c)(4), which states, "Section 2D1.1(c)(4) is amended by striking 'At least 50G but less than 150G of cocaine Base' and inserting 'At least 150G but less than 500G of cocaine Base.'"

Petitioner/defendant recognizes that the controlling precedent in this Circuit to date has not applied the Sentencing Amendments retroactively, however, petitioner/defendant desires to preserve his issue pending the November 1, 2007-effective date. See McKnight v. General Motors Corp., 511 U.S. 659-660, 128 L.Ed. 2d 655 (1994)(per curiam)(holding [filing notice][is] the only way that [defendant] could preserve the issue pending a possibly favorable decision by the Supreme Court); United States v. Bauer, 19 F.3d 409, 413 (8th Cir.1994); Jones v. State of Arkansas, 929 F.2d 375 (8th Cir.1991).

The Supreme Court recently emphasized the importance of preserving an issue for retroactive application in Dodd v. United States, 545 U.S. __, 162 L.Ed.2d 343, 125 S.Ct. __ (2005). There in the Dodd decision the Court held in part any newly recognized right(s) beginning when the right is initially recognized rather

-3-

than when the right is made retroactively by the Supreme Court. Therein the opinion of Justice Sandra Day O'Conner stated that the statute of limitations period for retroactive application applies to all post-conviction motions, therefore, it is necessary that defendant filed the foregoing notice prior to November 1, 2007, and it is therefore timely.

Specifically, petitioner/defendant's claim under the pending retroactivity decision in the amendments to the sentencing guidelines to be effective on November 1, 2007, may be subject to the Antiterrorism and Effective Death Penalty Act, which creates a one-year limitations period for collateral attack. Thus, as stated above, this **notice and preservation** is made prior to the November 1, 2007 date of effect.

The commission's recommendation and strong desire for prompt legislative action notwithstanding, the problems associated with the 100 to 1 drug quantity ration are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems. The Commission has concluded that the manner in which the Drug Quantity Table in § 2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy)) was constructed to incorporate the statutory mandatory minimum penalties for crack cocaine offenses is an area in which the Federal sentencing guidelines contribute to the problem associated with the 100 to 1 drug quantity ratio.

This will affect the petitioner/defendant directly, because

-4-

his offense level involves 50 grams or more of crack cocaine which was assigned a base offense level of 32, corresponding to a sentencing range of 121 to 151 months for a defendant in Criminal History Category I (a guideline range that exceeds the ten-year statutory maximum for such offenses by at least a month). Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities were set accordingly in Petitioner/defendant's case using the 100-to-1 drug quantity ratio.

Having concluded once again that the 100-to-1 drug quantity ratio, should be modified, the Commission recognizes that establishing federal cocaine sentencing policy ultimately is Congress' prerogative.

In short, it is more likely than not, at the date of effect that the Amendments to the Sentnecing Guidlines will be retroactive and apply to petitioner/defendant.

Therefore, the petitioner/defendant respectfully submits this Notice in good faith and according to the due process amendment to the Constitution. **Notice** is hereby given and the aforementioned preservation has been made.

Respectfully submitted,

Mr. Jaun Pagan #28769-069
FCI Edgefield
P.O. Box 725
Edgefield, S.C. 29824

***CERTIFICATE OF SERVICE***

I Juan Pagan, certify that today _____, I placed a copy of the attached document in the mailroom, with the correct postage, at the Federal Correctional Institution in Edgefield, South Carolina.

This Copy was mailed to be served upon-Mr. Todd E. Newhouse, Assistant United States Attorney @ 1550 Main St. Rm. 310 U.S. Courthouse, Springfield, Massachusetts 01103-1422.

I swear under penalty of perjury that the foregoing is true and correct.

EXECUTED ON: 9/4/07                             JUAN PAGAN

-6-